IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


TRESA L. BRAUN,

        Plaintiff,

v.                                                                 CIV 04-160 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.


## **MEMORANDUM OPINION AND ORDER**

        Plaintiff Tresa Braun has an eleventh grade education and has been a homemaker her entire adult life, caring for her husband (who receives disability benefits), children, and grandchildren. Born in 1959, she was forty-four years old at the time Administrative Law Judge ("ALJ") Gerald R. Cole held a hearing and issued his decision. Braun rarely worked outside the home and then only kept, or stayed at, the job for a few weeks. Consequently she was found to have no past relevant work or transferrable skills. She does perform volunteer work for her church, however. *E.g., Administrative Record* ("*Record*") at 17-18, 32-33, 37-40, 86, 94, 105, 115, 134, 140.

        Braun filed for benefits several times. Her most recent application for supplemental security income benefits in March 2002 is the only application at issue here, since her latest prior application was not reopened. *See id.* at 14, 94-97, 207. Accordingly, the period under consideration here is from the date of the present application in March 2002 through ALJ Cole's

September 2003 decision. *See Doc. 14* at 1 & n.1.

Of Plaintiff's various complaints, ALJ Cole found that Braun has three "severe" impairments – hypothyroidism, borderline intellectual functioning, and organic brain disorder. Based on the findings of consulting examining psychologist J.P. Cardillo, ALJ Cole concluded that Plaintiff did not meet listing 12.04 or 12.05 because she did not have any "marked" or "extreme" functional limitations to satisfy the "B" criteria. *Id.* at 16. He found that she has no exertional limitations and mentally is capable of "performing simple repetitive non-public work requiring no driving." *Id.* at 17. With the aid of the testimony from a vocational expert ("VE"), ALJ Cole identified seven jobs Plaintiff can perform, and therefore found Plaintiff not disabled at Step 5. *Id.* at 18.

This matter is before the court on Plaintiff's motion to reverse or remand. *Doc. 12*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 5-6.* If substantial evidence[1] supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). The entire record having been read and carefully considered, I find that Plaintiff's motion should

---

[1] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

be denied and the decision of the Commissioner affirmed.

      Dr. Cardillo's detailed report concluded as follows:

> [Plaintiff] is ***mildly to moderately impaired*** in verbal and nonverbal cognitive abilities. Yet, it is difficult to conclude that she is mildly mentally retarded, even though her [full scale IQ] score falls within the intellectually deficient range. While this evaluation is hesitant to describe her as mildly retarded, it is emphasized that she clearly is deficient in many cognitive abilities. [Detailed explanation of basis for this conclusion]. In summary, she is deficient in many cognitive abilities ***but has much higher memory abilities.*** She is moderately depressed under stressful conditions. [She reported that she is "tired and wished she did not have to do so many things for her husband and children."] ***She would be able to understand and remember basic instructions but would have difficulty with more complex verbal instructions.*** She has ***mild*** difficulty with free recall and remembers or retrieves information better with visual and verbal prompts. Attention and concentration seem ***mildly*** impaired. She appears to have minimally adequate social skills. She reports some problems making change and appears only partially competent to manage benefit payments; she may need help with money management.

*Record* at 210; *see also id.* at 207 (her description of reasons for depression)(emphasis added).

      Dr. Cardillo's "Psychiatric - Psychological Source Statement Of Ability To Do Work-Related Activities (Mental – MSS)" or "MSS Form" reflects the above findings. He indicated that Plaintiff's ability in "[u]nderstanding and remembering instructions" would be "markedly limited,"[2] but only if she was faced with "[d]etailed or complex instructions." *Id.* at 211. In contrast, he indicated that she would be "mildly limited" for "[v]ery short and simple instructions." *Id.* He explained the two different opinions were the result of her "mental deficien[cy] as measured by WAIS-III, but higher memory abilities as measured by WMS-III."

---

[2] The MSS form defines that phrase, as well as all of the other less severe options. *See Record* at 211. "Markedly limited" is defined as "the evidence supports the conclusion that the individual cannot usefully perform or sustain the activity." *Id.*

3

*Id.* He also found that Plaintiff's ability for "[s]ustained concentration and task persistence" in carrying out instructions would either be mildly, moderately, or markedly impaired, *id.,* again "depend[ing] on complexity of instructions" as per his answer to the question about instructions, *id.* at 212.

Plaintiff's asserted grounds for reversal are set forth on pages eight and nine[3] of her memorandum. *See Doc. 13* at 8-9. Plaintiff first contends that Dr. Cardillo found that Plaintiff has "marked" limitations that satisfy the "B" criteria of Listing 12.05[4] and, although ALJ Cole did in fact rely on Dr. Cardillo's findings, he erred in ignoring Dr. Cardillo's "marked" finding on the MSS Form. *See Doc. 13* at 8.

True, ALJ Cole's opinion could have been more explicit in the Listings analysis. At that section of the opinion, he simply stated that Dr. Cardillo found Plaintiff has a full scale IQ of 64, which places her "at the borderline-low average range of intellectual functioning" and that Dr. Cardillo considered Plaintiff "mildly to moderately depressed with mild functional limitations in memory." *Record* at 16. Right after making those observations, ALJ Cole concluded that "[t]he

---

[3] Page seven, entitled "ALJ Findings," Plaintiff makes the utterly conclusory assertion that four of ALJ Cole's findings "are not supported by substantial evidence," but does not set forth any reasons to support the argument. *See Doc. 13* at 7. As such, the pleading is insufficient to appraise this Court of the basis for the claim, and I decline to address it. *C.f., Moore v. Gibson,* 195 F.3d 1152, 1180 n. 17 (10th Cir. 1999) ("'We do not consider unsupported and undeveloped issues."), *cert. denied*, 530 U.S. 1208 (2000). Even so, Defendant's response does address the "claim," and for the reasons set forth therein, I alternatively find the "claim" unavailing on the merits. *See Doc.14.*

At pages eight and nine, Plaintiff asserts that under Tenth Circuit precedent, "a medical assessment of 'fair' is essentially the same as the listing requirement of 'marked.'" *Doc. 13* at 8-9. I fail to see the relevance of this assertion, since Dr. Cardillo did not use the term "fair" to describe Plaintiff in his report or on the MSS Form. *See Record* at 206-213.

[4] Plaintiff does not argue, nor does the record support, a finding that she meets the introductory definition or any of the three "A" criteria of Listing 12.04. *See* 20 C.F.R., Subpt. P, App. 1, § 12.04(A)(1)-(3), *see also Doc. 13* at 8-9.

review of the 'B' criteria does not show there are 'marked' or 'extreme' functional limitations consistent with the section 12.04 and 12.05 of the lisitings (sic)." *Id.* On the other hand, the next page of the opinion shows that ALJ Cole did in fact consider and adopt the MSS Form findings when he concluded that Plaintiff is "capable of performing simple, basic work-related activities (Exhibit 7F [MSS Form]. . . . The undersigned ***concurs with the forgoing assessments.***" *Id.* at 17 (emphasis added). Thus, there is no basis for me to conclude that ALJ Cole "ignored" the MSS Form findings, and I disagree with Plaintiff's contention that he did so.

Plaintiff's assertion that she meet Listing 12.05 fails because she does not argue that she meets the introductory definition to Listing 12.05. The introduction requires "subaverage intellectual functioning with deficits in adaptive functioning" that "***initially manifested . . . before age 22***." 20 C.F.R., Subpt. P, App. 1, § 12.05. Because the "structure of [Listing 12.05] is different from that of the other mental disorders listings," the claimant's impairment must meet ***both*** "the diagnostic description in the introductory paragraph ***and*** any one of the four sets of criteria." *Id.,* § 12.00(A) (emphasis added). While this failure alone is dispositive of the Plaintiff's listings argument, I am also unpersuaded by her other arguments in this respect.

The only conceivable option for Plaintiff under Listing 12.05 is subsection D, since Plaintiff is referring to "B" criteria as the basis for meeting the listing.[5] Plaintiff must meet at least

---

[5] In Listing 12.05, the "B" criteria are actually numbered and fall under subsection D. *See* 20 C.F.R., Subpt. P, App. 1, § 12.05.

Plaintiff does not argue, and the record does not support a finding, that she falls within the subsection actually designated as B under Listing 12.05 – "[a] valid verbal, performance, or full scale IQ of 59 or less." Plaintiff's scores were well above that benchmark. *See Doc. 13* at 8-9; *Record* at 208.

At one point in her brief, Plaintiff appears to argue that she meets Listing 12.05(A). *See Doc. 13* at 9. However, there is no evidence that Plaintiff's mental condition renders her dependent on others for her

two of the "B" criteria to satisfy Listing 12.05(D). Although Braun asserts that she meets the both the "decompensation" and "concentration/persistence/pace" alternatives, I find that she meets neither requirement.

Braun maintains that her testimony and responses on agency forms "support a finding that she has repeated episodes of decompensation in the work place. [That is, she] tried to work, but did not last in any of the jobs." *Doc. 13* at 8. However, the Listing specifically requires that each

---

personal needs or renders psychologists unable to use standardized tests to measure her intellectual functioning. 20 C.F.R., Subpt. P, App. 1, § 12.05(A). To the contrary, Plaintiff cares not only for her own personal needs but those of an infant and husband. As well, Dr. Cardillo and others successfully administered a battery of standardized tests. *E.g., Record* at 17, 34, 36,-37, 150, 179, 209-210.

In her reply, Plaintiff argues for the first time that she meets Listing 12.05(C). That section requires a "valid verbal, performance, or full scale IQ of 60 through 70 ***and a physical or other mental impairment imposing an additional and significant work-related limitation of function.***" 20 C.F.R., Subpt. P, App. 1, § 12.05(C). Plaintiff claims that her "other" impairment is "depression," but points to no evidence that her depression results in significant work-related limitations. The record does not support that conclusion either.

First, Dr. Cardillo's report did not diagnose Plaintiff with depression, nor did ALJ Cole find depression to be a "severe" impairment. *See id.,* § 12.00(A) ("For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, ***i.e., is a 'severe' impairment(s) as defined in §§ 404.1520(c) and 416.920(c).*** If the additional impairment(s) does not cause limitations that are 'severe' . . . we will not find that the additional impairment(s) imposes 'an additional and significant work-related limitation of function'") (emphasis added). Also, Dr. Cardillo observed in his report that Plaintiff was only "mildly depressed," *Record* at 206, and concluded, as ALJ Cole found, that she is "mildly to moderately depressed and stressed with the difficulties of caring for her husband, children, and one grandchild . . . . She is moderately depressed under stressful conditions," *id.* at 210; *see also id.* at 16.

Second, a finding of "moderate" on the MSS Form alone, does not necessarily support a conclusion that the claimant is "significantly" limited by depression. Per the definition of "moderately limited" on the MSS form, "the degree/extent of the impairment ***needs to be further described***." *Id.* at 211 (emphasis added). Dr. Cardillo's specific findings and explanations in his written report furnish the requisite "further description." He is of the opinion that as long as the tasks are not complex, Plaintiff would have only "mild" difficulties. *See id.* at 210; *see also id.* at 325 (PRT form finding "mild mental retardation" was found but does not satisfy Listing 12.05); *id.* at 331, 335-37 (none, mild, or moderate limitations indicated with explanation that Plaintiff appears to have "some limitations" in ability to understand/remember, adapt, socialize, attend/concentrate). Therefore, I find Plaintiff's belated 12.05(C) argument without merit.

6

episode of "decompensation" be of "extended duration," a qualification that neither Plaintiff argues nor the record supports.  Furthermore, statements of symptoms by a claimant are not sufficient to establish an impairment, and it must instead be shown by medical evidence.  *E.g.,* 20 C.F.R., §§ 404.1506(a), 404.1508.  Since she neither meets this criterion nor asserts that she meets any two others, this also is entirely dispositive of Plaintiff's listings argument.

Furthermore, the places on the MSS Form where Dr. Cardillo indicated "marked" findings do not satisfy the "concentration" criterion as Plaintiff asserts because Plaintiff takes the finding out of context.  *See Doc. 13* at 8.  As noted above, Dr. Cardillo's found that Plaintiff would ***only*** be markedly impaired if the task required following complex instructions.  Anything less than complex instructions would result in a mild to moderate impairment.  Given the distinction, I find substantial evidence supports both the agency physicians' and ALJ Cole's conclusions that Plaintiff does not meet Listing 12.05.  *See Record* at 16; *see also id.* at 331, 335.  Even if Plaintiff met this criterion, meeting only one is insufficient to satisfy the listing.  Consequently, the ALJ was not required to call yet another medical expert to testify at the hearing about listings, as Plaintiff maintains.  *See Doc. 13* at 9.

Finally, Plaintiff challenges ALJ Cole's Step 5 findings.  The jobs identified by the vocational expert were based on the hypothetical that included a forty-four year old with limited education, no exertional limitations, "limited to simple repetitive work of a non-public nature," *Record* at 48, and who cannot drive, *id.* at 50.  She identified a number of jobs such a person could perform, including some that did not require repetitive work.  *Id.* at 49-51.  When Plaintiff's attorney questioned the VE, she asked "[i]f one has marked limitation in carrying out instructions how would that affect availability of any of these jobs?"  *Id.* at 52.  The VE replied that a person

7

with "marked limitations in carrying out instructions . . . would be able to get a job but not be able to maintain employment." *Id.*

Plaintiff essentially argues that the ALJ erred in not accepting this testimony. *See Doc. 13* at 9. However, the hypothetical counsel posed was incomplete because the marked limitation by Dr. Cardillo only pertained to "complex" instructions. Furthermore, ALJ Cole plainly did not credit Plaintiff's "testimony [that she has a] marked inability to remember even simple instructions." *Id.* at 52; *see also id.* at 17. Plaintiff does not challenge this credibility determination.

It is well-settled that an ALJ is not required to accept as binding a hypothetical based on evidence unsupported by the record:

> [t]he hypothetical question should include all – and only – those impairments borne out by the evidentiary record. . . . The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record. . . . We conclude the ALJ did not err in relying on the VE's testimony.

*Bean v. Chater,* 77 F.3d 1210, 1214 (10th Cir. 1995); *see also Decker v. Chater,* 86 F.3d 953, 955 (10th Cir. 1996); *Talley v. Sullivan,* 908 F.2d 585, 588 (10th Cir. 1990). All of the jobs that the VE identified were premised on simple repetitive work. When counsel asked which jobs would be eliminated because of repetitive work or a pace to meet production standards, not all of the jobs were eliminated. *Id.* at 51-52; *see also Doc. 13* at 9.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 12)* is DENIED, and the decision of the Commissioner is affirmed. A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.